UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>WILLIAM GORE, Sheriff,<br><br>　　　　　　　　　Respondent. | Case No.: 3:21-cv-1787-CAB-JLB<br><br>**ORDER: (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND (2) DISMISSING PETITION WITHOUT PREJUDICE** |

On October 18, 2021, Petitioner, proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with a Motion to Proceed In Forma Pauperis. ECF Nos. 1, 2. In its October 20, 2021 Order, the Court denied Petitioner's request to proceed in forma pauperis and dismissed this case without prejudice because Petitioner failed to provide a copy of this prison trust account statement. ECF No. 3, citing Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local Rule 3.2. Petitioner was instructed that to have this case reopened he had to either pay the filing fee or provide adequate proof of his inability to pay no later than December 21, 2021. *See id.* On November 10, 2021, Petitioner filed another Motion to Proceed In Forma Pauperis, along with a copy of this trust account statement, pursuant to this Court's Order. ECF No. 4.

///

## MOTION TO PROCEED IN FORMA PAUPERIS

According to Petitioner's trust account statement, he has $0.13 on account at the institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

## FAILURE TO STATE A COGNIZABLE CLAIM

Upon review of the Petition, it appears that a Petition for Writ of Habeas Corpus brought pursuant to § 2254 is not the proper vehicle for the claims Petitioner presents. Petitioner lists various problems he claims he is facing in custody at the San Diego County Jail. Specifically, Petitioner claims he was previously serving his state prison sentence at Valley State Prison but was recently transferred to San Diego County Jail. He contends that he is not receiving the same services at the County Jail that inmates confined at California Department of Corrections and Rehabilitation (CDCR) receive, in violation of his Equal Protection rights. Pet., ECF No. 1 at 2. He also alleges his Eight Amendment right to be free from cruel and unusual punishment is being violated because he is "locked down 23 hours a day with no resources." *Id.* at 5. He further contends that he is not receiving mental healthcare, education, and "job resources" he would be entitled to if it was being confined at a CDCR facility. *Id.* at 4. These claims are not cognizable on habeas because they do not challenge the constitutional validity or duration of confinement. *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Heck v. Humphrey*, 512 U.S. 477, 480-85 (1994). "Section 2254 applies only to collateral attacks on state court judgments." *McGuire v. Blubaum*, 376 F. Supp. 284, 285 (D. Ariz. 1974).

Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement

are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser*, 411 U.S. at 488–500. When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Id.* at 500. On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. *Id*. at 499; *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811–12 (10th Cir. 1997). It appears that Petitioner challenges the conditions of his prison life, but not the fact or length of his custody.[1] Thus, Petitioner has not stated a cognizable habeas claim pursuant to § 2254.

**FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

If the petitioner wishes to challenge either his state court conviction or the length of his confinement in state prison, he must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id*. at 365–66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law

---

[1] Petitioner currently has a 28 U.S.C. § 2254 Petition pending before this Court in Case No. 3:21-cv-1443-MMA-LL. He has also filed numerous 42 U.S.C. § 1983 civil rights complaints in this court, the most recent of which was dismissed because Plaintiff is barred from proceeding in forma pauperis under by 28 U.S.C. § 1915(g). *See Rodriguez v. Newsome*, Case No. 3:21-1762-CAB-JLB, ECF No. 4.

guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Id.* at 366 (emphasis added).

Nowhere on the Petition does Petitioner allege that he raised his claims in the California Supreme Court. He states only that he filed "grievances" and received no response. ECF No. 1 at 6. If Petitioner has raised his claims in the California Supreme Court he must so specify. "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *see Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D) (West 2006).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is

'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

## CONCLUSION AND ORDER

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not stated a cognizable claim under 28 U.S.C. § 2254 and has not alleged exhaustion of state judicial remedies.

Accordingly, the Court **GRANTS** the request to proceed in forma pauperis, and **DISMISSES** the case without prejudice. To have the case reopened, Petitioner must, no later than **January 3, 2022**, file a First Amended Petition which cures the pleading deficiencies outlined in this Order.

**IT IS SO ORDERED.**

Dated:  November 10, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge